[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-13188
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 8, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00370-CR-T-30-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL MORENO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 8, 2005)

Before TJOFLAT, DUBINA, and CARNES, Circuit Judges.

PER CURIAM:

In September 2002, a small boat carrying five men left Buenaventura,

Colombia and headed towards a speed boat a short distance away. One of the men on the small boat had hired the other four to drive the speed boat to Guatemala. The four crew members, one of which was Angel Moreno, boarded the speed boat and departed for Guatemala.

Two days into the journey a United States navy helicopter spotted the speed boat and contacted the United States Coast Guard. Upon seeing the helicopter, the speed boat attempted to flee and the crew began dumping several bales of cocaine into the ocean. Despite the escape effort, the Coast Guard vessel overtook the speed boat and recovered the cocaine. A later analysis revealed that the bales contained 1,586.6 kilograms of cocaine.

Angel Moreno and the three other crew members were each indicted for one count of possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States and one count of conspiracy to commit the same, in violation of 46 App. § 1903(a), (g), (j), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii). Moreno pleaded guilty to both counts without a plea agreement. He was sentenced to 168 months' imprisonment and five years of supervised release. Moreno challenges his sentence on four grounds.

Moreno's first contention is that the district court erred by not applying the

2

Sentencing Guidelines' safety valve provision. To qualify for safety valve relief under U.S.S.G. § 5C1.2, "the defendant . . . [must] truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct." United States v. Johnson, 375 F.3d 1300, 1302 (11th Cir. 2004) (quotation omitted). In denying Moreno safety valve relief, the district court found that he failed to meet this requirement. Moreno ultimately contends that the district court's factual determinations on which its decision was made are contrary to the evidence in the case. "When reviewing the denial of safety-valve relief, we review for clear error a district court's factual determinations." Id. at 1301.

Several facts support the district court's finding that Moreno did not truthfully provide to the government all the information and evidence he had about the offense. Each time Moreno made a statement to law enforcement officials, his story changed. He changed the amount he said he would be paid for the drug trip; he changed where the trip originated; and he changed whether he knew that the trip was a drug smuggling venture. Furthermore, each of Moreno's co-defendants pleaded guilty and gave statements. Portions of Moreno's statement are inconsistent with those of his co-defendants. The district court also found it hard to believe that Moreno was truthful in his statement that he was paid only $474 ($74 in profit plus $400 to fly from Guatemala back to Colombia) in exchange for

3

his knowing participation in a drug venture involving approximately $24 million worth of cocaine. After reviewing the evidence, we find that the district court did not clearly err in finding that Moreno did not truthfully disclose his full involvement in the offense and was, therefore, ineligible for safety valve relief.

Moreno's second argument is that the district court erred in denying him a minor role reduction under U.S.S.G. § 3B1.2. According to Moreno, the district court compared his role only to that of his co-defendants, instead of to everyone involved in the much larger drug conspiracy.[1]

The relevant conduct attributed to Moreno in calculating his base offense level was only that quantity of drugs actually transported by him and his co-defendants and seized by law enforcement. Any larger conspiracy that extended beyond the 1,586.6 kilograms of cocaine that he admitted was not part of the charged crime or relevant conduct attributed to Moreno. The district court properly considered the players and roles in the conspiracy for which Moreno was charged and found that he was not entitled to a minor role reduction.

Moreover, the record supports the district court's conclusion that Moreno

---

[1] Moreno also contends that the district court used a "mathematical test" to determine whether to apply a minor role reduction. The "mathematical test" that Moreno suggests that the district court applied is that, because his conduct was similar to two of the three other crewmen (the dissimilar crew member being the captain), all three are similarly culpable and none was a minor participant. There is no evidence in the record to support Moreno's contention that the district court used some kind of per se "mathematical test." We dismiss that assertion as without factual basis.

4

was not entitled to a minor role reduction. The shear quantity of drugs, with a value of approximately $24 million, is evidence that a minor role reduction was not warranted. See United States v. Rodriguez De Varon, 175 F.3d 930, 943 (11th Cir. 1999) (affirming that the "amount of drugs is a relevant factor and recogniz[ing] that under some circumstances it may be dispositive"). In addition, Moreno's involvement in transporting the drugs in the speed boat was substantially the same as the other crew members (with the possible exception of the captain). For example, the evidence demonstrates that each crew member, including Moreno, took turns navigating the boat. The district court committed no error in finding that Moreno was not substantially less culpable than the others involved in the conspiracy and denying him a minor role reduction on that basis.

Moreno's third contention is that the district court erred by denying his request for a downward departure based on aberrant behavior. "We lack jurisdiction to review a sentencing court's refusal to depart downward when the decision is based on the court's discretionary authority." United States v. Chase, 174 F.3d 1193, 1195 (11th Cir. 1999). Furthermore, "when nothing in the record indicates otherwise, we assume the sentencing court understood it had authority to depart downward." Id.

There is nothing in the record to suggest that district court misunderstood its

authority to depart downward in this case. As a result, we are without jurisdiction to review the district court's refusal to depart downward. See id. Despite the jurisdictional bar, a departure for aberrant behavior is foreclosed when the underlying offense is a serious drug trafficking crime such as the one Moreno was convicted of. See U.S.S.G. § 5K2.20(c)(3).

Moreno's final argument is that his sentence is unconstitutional in light of United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005). Because Moreno was sentenced based solely on facts that he admitted to, there was no Sixth Amendment violation. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005). The district court did err, however, in sentencing Moreno under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation. Id. at 1330–31.

Because Moreno did not raise this argument before the district court, our review is only for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial

proceedings." Id. (internal quotations and citations omitted).

Moreno has met the first two prongs of the plain error test by demonstrating that the district court committed an error that is plain. See id. at 1298–99. As for the third prong of the plain error test, Moreno has the burden of showing that the error has affected his substantial rights. See id. at 1299. To do so, he must establish that "there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge." Id. at 1301.

There is no evidence in the record to suggest that the district court would have given Moreno a lesser sentence had it applied the guidelines in an advisory instead of binding fashion. As a result, Moreno has failed to satisfy the third prong of the plain error test and we cannot notice the error. See id.

Moreno has failed to demonstrate that the district court erred in sentencing him based on any of his asserted grounds.

AFFIRMED.