[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 29, 2005
THOMAS  K. KAHN
CLERK

No. 05-12488
Non-Argument Calendar
_____

D. C. Docket No. 04-00206-CR-ORL-28-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARMELO MIRANDA VILLALOBOS,
a.k.a. Jose Luis Garcia,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 29, 2005)

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Carmelo Miranda Villalobos appeals his 57-month sentence for unlawful re-entry after deportation, in violation of 8 U.S.C. § 1326(a) & (b)(2). Villalobos argues on appeal that the district court's consideration of his prior convictions in sentencing him violated his constitutional rights, in light of the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Shepard v. United States, ___ U.S. ___, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). Villalobos also argues that the district court erred in refusing to depart downwards four levels, pursuant to U.S.S.G. § 5K3.1. For the reasons set forth more fully below, we affirm.

A federal grand jury charged Villalobos with one count of unlawful re-entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2).[1] Villalobos pled guilty to this offense, without the benefit of a plea agreement. During his plea colloquy, Villalobos did not admit to having any prior convictions.

The presentence investigation report ("PSI") set Villalobos's base offense level at eight, pursuant to U.S.S.G. § 2L1.2(a). The PSI increased this offense level by 16 levels, pursuant to § 2L1.2(b)(1)(A)(ii), because Villalobos previously

[1] Although Villalobos's indictment set forth the 20-year penalty provision under 8 U.S.C. § 1326(b)(2) for aliens "whose removal was subsequent to a conviction for commission of an aggravated felony," it did not specifically allege that Villalobos was removed subsequent to being convicted of an aggravated felony.

was deported after a conviction for a felony crime of violence, that is, state convictions for burglary of a habitation and sexual assault. Based on a total offense level of 21 and a criminal history category of III, Villalobos's guideline range was 46 to 57 months' imprisonment.

Villalobos requested either a four-level downward departure, pursuant to U.S.S.G. § 5K3.1,[2] based on the disparity between illegal re-entry defendants in Florida and similarly situated defendants in southwestern-border states that have early disposition programs, or a departure, pursuant to U.S.S.G. § 5K2.0, because his case fell outside the heartland of cases involving § 2L1.2(b)(1)(A)(ii) enhancements. Villalobos also raised constitutional challenges to the recommended § 2L1.2(b)(1)(A)(ii) enhancement, as well as to the court's calculation of his criminal-history points, pursuant to Blakely and Booker, arguing that: (1) his prior convictions neither were charged in his indictment, nor stipulated to during his plea colloquy; and (2) the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), did not apply to a constitutional challenge to the application of § 2L1.2(b).

_____

[2] Section 5K3.1 of the United States Sentencing Guidelines provides that, "[u]pon motion of the [g]overnment, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." U.S.S.G. § 5K3.1.

3

The government responded that a discretionary § 5K3.1 departure was not warranted because the Middle District of Florida did not have an early disposition program, and the government had not received a benefit from an early disposition. The government also argued that, to the extent that Villalobos was raising constitutional challenges to his sentence, these challenges were foreclosed by Almendarez-Torres.

On April 18, 2005, at sentencing, Villalobos reiterated his objections to the use of his prior convictions in calculating his criminal-history points and in applying the § 2L1.2(b)(1)(A)(ii) enhancement, arguing that the court, instead, should sentence him based only on his offense level of eight. Villalobos also reiterated his motions for departure under § 5K3.1 and § 5K2.0. The government responded by submitting certified copies of the judgments of conviction for the convictions at issue, along with testimony by a fingerprint expert that Villalobos was the person convicted of these offenses.

The district court summarily denied Villalobos's constitutional challenges and concluded that his resulting guideline range was 46 to 57 months' imprisonment. The court also denied Villalobos's motions to depart from this range, explaining both that no criminal defendant is entitled to early disposition and that Villalobos, unlike other defendants to whom the court had granted

4

§ 5K3.1 departures, did not deserve the departure. After the court considered the sentencing factors in 18 U.S.C. § 3553, including Villalobos's discretionary guideline range, it concluded that a sentence within this guideline range was appropriate. The court sentenced Villalobos to 57 months' imprisonment.

As discussed above, Villalobos is arguing on appeal that his sentence is unconstitutional because he was sentenced based on prior convictions that neither were charged in his indictment, nor admitted by him during his plea colloquy. Villalobos concedes that we have determined that the Supreme Court's holding in Almendarez-Torres, that is, that the government is not required to charge prior convictions in an indictment, remains the law until the Supreme Court overrules it. Villalobos contends, however, that Almendarez-Torres has been "gravely wounded" by subsequent opinions by a majority of the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000),[3] and its progeny. Alternatively, Villalobos argues that Almendarez-Torres is not applicable because, unlike the defendant there, he did not stipulate to the existence of any prior convictions. Citing to the Supreme Court's decision in Shephard, Villalobos also argues that Almendarez-Torres is not applicable because he did not

---

[3] In Apprendi, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362-63.

stipulate to the characterization of his prior convictions for burglary and sexual assault as a "crime of violence."

Because Villalobos raised his constitutional arguments in the district court, we review his sentence de novo, but will reverse it only if any error was harmful. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). We have concluded that the Supreme Court, in Booker, rejected the argument that, even when the federal guidelines are applied in an advisory fashion, "the Sixth Amendment right to a jury trial prohibits the sentencing court from making factual determinations that go beyond a defendant's admissions." United States v. Chau, No. 05-10640, slip op. at 54 (11th Cir. Sept. 27, 2005). Here, because Villalobos was sentenced post-Booker, with the court treating the guidelines as advisory, no Sixth Amendment violation occurred.

Regardless, even if Villalobos had not been sentenced under an advisory guideline scheme, he failed to show constitutional error under Booker. "In Almendarez-Torres v. United States, the Supreme Court held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." United States v. Marseille, 377 F.3d 1249, 1257 (11th Cir.), cert. denied, 125 S.Ct. 637 (2004). After the Supreme Court's

decisions in <u>Apprendi</u> and <u>Blakely</u>, we held that <u>Almendarez-Torres</u> remains good law.  See <u>Marseille</u>, 377 F.3d at 1257-58 n.14.

Moreover, prior to sentencing in the instant case, the Supreme Court, in <u>Booker</u>, reaffirmed its holding in <u>Apprendi</u> that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  <u>Booker</u>, 543 U.S. at ___, 125 S.Ct. at 756.  Again, after <u>Booker</u>, we held that the decision in <u>Almendarez-Torres</u> was "left undisturbed by <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u>," and that "a district court does not err by relying on prior convictions to enhance a defendant's sentence."  <u>United States v. Shelton</u>, 400 F.3d 1325, 1329 (11th Cir. 2005).

Also prior to sentencing, the Supreme Court reaffirmed in <u>Shephard</u> the "categorical" approach to establishing a predicate prior conviction for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e).  <u>Shephard</u>, __ U.S. at __, 125 S.Ct. at 1259-1263.  In a separate section, a plurality of the Court explained that, while a dispute over whether a burglary was a violent felony for purposes of the Act could be "described as a fact about a prior conviction, it [was] too far removed from the conclusive significance of a prior judicial record, and too much like the

7

findings subject to <u>Jones v. United States</u>, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)] and <u>Apprendi</u>, to say that <u>Almendarez-Torres</u> clearly authorizes a judge to resolve the dispute." <u>Id.</u> at __, 125 S.Ct. at 1262.

After the Supreme Court decided <u>Shepard</u>, we held, under plain-error review, that a district court's application of § 2L1.2(b)(1)(A)(ii) did not violate a defendant's Sixth Amendment rights. <u>United States v. Camacho-Ibarquen</u>, 410 F.3d 1307, 315-16 (11th Cir.), <u>cert. denied</u>, (U.S. Oct. 11, 2005) (No. 05-6178). In a footnote, we noted that <u>Almendarez-Torres</u> must be followed because, while <u>Shepard</u> "may arguably cast doubt on the future prospects of <u>Almendarez-Torres</u>'s holding regarding prior convictions, the Supreme Court has not explicitly overruled <u>Almendarez-Torres</u>." <u>Id.</u> at 1316 n.3.

Accordingly, insofar as the court's enhancement of Villalobos's offense level under §2L1.2(b)(1)(A)(iii), and its calculation of Villalobos's criminal-history points under § 4A1.1, involved determinations that he had prior convictions, these determinations did not implicate the <u>Apprendi</u>/<u>Blakely</u>/<u>Booker</u> line of cases. Moreover, to the extent that Villalobos is contending that <u>Almendarez-Torres</u> is not applicable because the government had to show that his prior conviction, in addition to existing, was a "violent felony," we also has rejected this argument. <u>See</u> <u>United State v. Gallegos-Aguero</u>, 409 F.3d 1274, 1277

8

(11th Cir. 2005) ("we find no merit in Gallegos-Aguero's argument that the Sixth Amendment requires that a jury, not a judge, must determine whether his prior conviction is within the category of offenses specified in § 2L1.2(b)(1)(A)(vii)"). Thus, no constitutional error occurred.

Villalobos also argues on appeal that the district court erred in refusing to depart downward four levels, pursuant to § 5K3.1, based on the sentencing disparity between re-entry defendants sentenced in the Middle District of Florida and similarly situated defendants sentenced in jurisdictions that have early disposition programs.[4] Villalobos contends that this refusal (1) was contrary to the fundamental basis of the federal guidelines that similarly situated defendants should receive similar sentences, and (2) violated his right to equal protection of the law under the Due Process Clause of the Fifth Amendment.

We may not review a district court's discretionary decision not to depart from a guideline range. United States v. Pressley, 345 F.3d 1205, 1209 (11th Cir. 2003). In United States v. Winingear, 422 F.3d 1241, 1245-46 (11th Cir. 2005), we recently determined that, post-Booker, we still lack jurisdiction to review a district court's discretionary decision not to depart, "so long as the district court

---

[4] Villalobos has abandoned any arguments as they relate to his § 5K2.0 motion. See United States v. Levy, 416 F.3d 1273, 1275 (11th Cir.) (explaining that an argument not raised in an appellant's opening brief is deemed abandoned), petition for cert. filed, (U.S. Oct. 6, 2005) (No. 05-6930).

9

did not incorrectly believe that it lacked the authority to apply a departure." When nothing in the record indicates otherwise, we will assume that the district court understood that it had authority to depart downward. United States v. Chase, 174 F.3d 1193, 1195 (11th Cir. 1999).

Here, nothing in the record indicates that the district court believed that it lacked jurisdiction to depart. To the contrary, in denying Villalobos's § 5K3.1 motion to depart, the court explicitly stated that it had granted such departures in the past, but concluded that the departure was not warranted in the instant case. Thus, we lack jurisdiction to review the district court's decision not to depart. See Winingear, 422 F.3d at 1245-46; see also Chase, 174 F.3d at 1195.[5]

Accordingly, we conclude that the district court's consideration of Villalobos's prior convictions in sentencing him did not violate his constitutional rights, in light of the Supreme Court's decisions in Blakely, Booker, or Shepard. We further conclude that we lack jurisdiction to review the district court's decision not to depart downward. We, therefore, affirm Villalobos's sentence.

**AFFIRMED.**

---

[5] Even if we had jurisdiction to review Villalobos's equal protection claim, he failed to raise it in the district court. Thus, our review of it only would be for plain error. See United States v. Peters, 403 F.3d 1263, 1270 (11th Cir. 2005). Because Villalobos has failed to cite to authority from either the Supreme Court or this Court supporting this claim, no plain error occurred. See United States v. Aguillard, 217 F.3d 1319, 1321 (11th Cir. 2000) (holding that, "where neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue").

10