[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 29, 2006
THOMAS K. KAHN
CLERK

No. 06-11972
Non-Argument Calendar

_____

D. C. Docket No. 05-00381-CR-T-24-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL ANTONIO GUZMAN-DEARCO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 29, 2006)**

Before BARKETT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Raul Antonio Guzman-Dearco ("Dearco") appeals his 135-month sentence

for conspiracy to possess with intent to distribute five or more kilograms of

cocaine while aboard a vessel, in violation of 46 App. U.S.C. § 1903(a),(g), (j), and possession with intent to distribute five kilograms or more of cocaine while aboard a vessel, in violation of 46 App. U.S.C. § 1903(a), (g).  Dearco argues that, as a mere crew member on the vessel in question, he was entitled to a minor-role reduction.  He further claims that the district court misapprehended its authority to depart downward from the Sentencing Guidelines on the basis of allegedly inhumane conditions of confinement.

We review for clear error the district court's denial of a minor role reduction.  United States v. Campbell, 139 F.3d 820, 821-22 (11th Cir.1998).  A minor participant, defined as "one who is less culpable than most other participants, but whose role could not be described as minimal," may receive a two-level reduction.  See U.S.S.G. § 3B1.2(a), (b), comment.(n.5).  A sentencing court has substantial discretion in its assessment of the two "fact-intensive" considerations that inform its decision to grant or deny a minor role reduction.  See United States v. Boyd, 291 F.3d 1274, 1278 (11th Cir. 2002).  The first of these considerations is the magnitude of the defendant's role in the offense of conviction; "[o]nly if the defendant can establish that he played a relatively minor role in the conduct for which he has already been held accountable – not a minor role in any larger criminal conspiracy – should the district court grant" a minor

2

role reduction. United States v. Rodriguez De Varon,175 F.3d 930, 944 (11th Cir. 1999) (en banc). Second, "where the record evidence is sufficient," a district court may "measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant." Id. at 934. When making the minor-role determination in a drug case, the sentencing court may consider "the amount of drugs, fair market value of drugs, amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution." Id. at 945.

"So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, . . . it will be rare for [this Court] to conclude that the sentencing court's determination is clearly erroneous." Id. at 945. This is not one of those rare instances. It was Dearco's burden to demonstrate entitlement to a minor role reduction, id. at 939, and the district court did not clearly err in finding that Dearco failed to meet his burden. In reaching this conclusion, the court emphasized the sheer quantity of drugs for which Dearco was found responsible. It further explained that, although the ship's captain received a role increase, Dearco was no less culpable than the other crew members, none of whom received a role reduction. In light of these circumstances and the district court's "considerable discretion" in assessing their significance, we affirm the denial of a minor role reduction.

Nor are we persuaded by Dearco's second claim. Dearco argues that, because the district court's remarks did not explicitly track the three-part analysis set forth in United States v. Pressley, 345 F.3d 1205 (11th Cir. 2003), it is impossible to determine whether the court understood its authority to grant a downward departure. He asserts that the district court never acknowledged its discretion to depart on the basis of inhumane conditions of confinement and never specifically analyzed whether the conditions of confinement were so unusual as to compel a sentence outside the range recommended by the Guidelines.

We "may not review at all the district court's discretionary decision not to depart from the guidelines' sentencing range, but [may] review de novo the question of whether the district court erroneously believed it lacked authority to depart." Pressley, 345 F.3d at 1209 (citation omitted). Even after Booker, our "review of decisions regarding downward departures remains limited." United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005).

> Before Booker, we stated repeatedly that section 3742(a) of Title 18 of the United States Code left us without jurisdiction to consider a defendant's appeal of a discretionary decision of the district court to not apply a downward departure, so long as the district court did not incorrectly believe that it lacked the authority to apply a departure. Although the Supreme Court in Booker excised section 3742(e), it left section 3742(a) intact. . .[O]ur precedent similarly remains intact, and, therefore, we lack jurisdiction to review the decision of the district court not to apply a downward departure.

Id. (citations omitted). Absent specific cause to suspect otherwise, "we assume"

4

that "the sentencing court understood it had authority to depart downward." United States v. Chase, 174 F.3d 1193, 1195 (11th Cir. 1999).

Here, the record contains nothing to indicate or suggest that the district court misapprehended its authority to depart downward. On the contrary, the district court expressly found that, notwithstanding its concern over the conditions described by Dearco, the alleged treatment was not so grave as to be "inhumane" and therefore, in its judgment, did not warrant a departure. Dearco expressly cited Pressley, the district court evinced no doubt as to the applicability of that precedent, and the government itself acknowledged the court's authority to impose a lesser sentence by arguing that the alleged conditions of confinement did not, as a factual matter, entitle Dearco to a Pressley departure. Accordingly, we lack jurisdiction to review the district court's denial of Dearco's request for a departure.

**AFFIRMED.**