[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 29, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12593
Non-Argument Calendar

_____

D. C. Docket No. 05-00178-CR-T-23-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD SEVERANCE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 29, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Gerald Severance appeals his 77-month sentence for

being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(2).  After review, we affirm.

## I.  BACKGROUND

Severance, who has several prior felony convictions, pawned a .22 caliber rifle at Pawn Express in Plant City, Florida.  Several days later, Severance returned to retrieve the rifle.  Severance became upset when the clerk told him he had to complete the necessary paperwork.  Severance told the clerk he was a convicted felon.

The presentence investigation report ("PSI") assigned Severance 19 criminal history points, covering convictions for battery, domestic violence, possession of cocaine and marijuana, trespass, possession of drug paraphernalia and delivery of cocaine and a counterfeit controlled substance in lieu of crack cocaine.  The PSI calculated a criminal history category of VI and a total offense level of 21, which produced an advisory guidelines range of 77 to 96 months' imprisonment.

At sentencing, Severance requested a downward departure pursuant to U.S.S.G. § 5K2.11 because his possession of the rifle had not been the kind of harm or evil sought to be prevented by § 924(a).  Specifically, Severance contended that the single-shot rifle had been an old family heirloom that he had used only for hunting on his grandparents' farm and for which he did not have any ammunition, that he had pawned the rifle in order to remove it from his new home

2

with his girlfriend and young daughter, and that he had attempted to reclaim the rifle after realizing its sentimental value and deciding to give it to a family member instead. At the sentencing hearing, Severance and his parents testified accordingly.

The district court denied Severance's request for a downward departure. In so doing, the district court stated that, although it had authority under § 5K2.11 to depart "under circumstances such as this, . . . . [t]he question is whether this one qualifies." The district court determined that a downward departure was not warranted given that Severance was a category VI offender with a history of substance abuse and volatility, noting the "marked danger inherent in that situation." The district court stated that it did not "think this is a circumstance where we can depart downward. I can't think of a way to express the purpose of this statute that would warrant a departure saying that the purposes of this statute were not offended by this particular transaction."

After denying Severance's motion for a downward departure, the district court found that Severance's total offense level was 21 and his criminal history category was VI. The district court asked the parties if there were any circumstances under the § 3553(a) factors that they wished to bring to the court's attention. Relying on the same facts cited in support of his motion for a downward departure, Severance asked for a below-guidelines sentence. The government

asked for a within-guidelines sentence based on Severance's criminal history and history of substance abuse, noting that Severance would be eligible for the Bureau of Prison's 500-hour comprehensive drug program.

The district court observed that a prisoner with a 36-month sentence qualified for the comprehensive drug program and asked the government why a 36-month sentence would not accomplish the goals of sentencing. The government responded by pointing again to Severance's criminal history and problems with drugs. Severance noted that his prior offenses were a number of years in the past and that he had "done some growing up." In response, the government emphasized that, one month after Severance committed the instant firearms offense, he was arrested for possession of crack cocaine and marijuana.

The district court imposed a 77-month sentence, stating, "I am hard put to say that the essential purpose of the applicable statute in this offense is not, as I said a moment ago, to keep Category VI offenders well away from firearms by a wide margin – not in the home, not in the environs. That, as a matter of fact, is a policy that is more intentionally brought to bear in the presence of substance abuse and some history of volatility." The district court also stated that it had considered the § 3553(a) factors and that it was "satisfied that there is in this instance no explicit consideration that justifies a departure from the Guidelines sentencing

4

range, given the policies that it is intended to implement, which are certainly present under the facts of this case." Severance filed this appeal.

## II. DISCUSSION

### A. Downward Departure under U.S.S.G. § 5K2.11

Severance argues that the district court erroneously believed that it lacked authority to depart downward. Specifically, Severance contends that the district court, although appearing to recognize generally its authority to depart downward, made statements during the sentencing hearing that evidenced its belief that it lacked authority to grant a § 5K2.11 departure to any defendant convicted under § 924(a).

Ordinarily, a district court's refusal to grant a downward departure is unreviewable on appeal. However, we may review whether a district court erroneously believed that it lacked authority to depart. United States v. Chase, 174 F.3d 1193, 1195 (11th Cir. 1999). "The basis for the sentencing court's denial of a departure therefore has important consequences for our ability to review a refusal to depart." Id. Absent a clear indication in the record that the district court misunderstood its authority to depart downward, we assume that the district court knew it had the authority but chose not to exercise its discretion to grant a departure. Id.

In reviewing the record as a whole, we conclude that the district court was fully aware of its authority to depart under § 5K2.11, but refused to do so based on the particular circumstances presented in Severance's case. The district court acknowledged that possession of a family heirloom firearm used for hunting might qualify a defendant for a § 5K2.11 departure. However, the court exercised its discretion and declined to grant Severance's request to depart based on Severance's criminal history and history of substance abuse. Because the district court did not misapprehend its authority to depart, we lack jurisdiction to review further the merits of the district court's decision.

**B.     Reasonableness**

Severance argues that his 77-month sentence is unreasonable. After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), a district court, in determining a reasonable sentence, must consider the correctly calculated advisory guidelines range and the § 3553(a) factors. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Likewise, we review the defendant's ultimate sentence for reasonableness in light of the § 3553(a) factors. United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006). The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable. United States v. Bonilla, 463 F.3d 1176, 1180 (11th Cir. 2006).

Although a sentence within the guidelines range is not per se reasonable, "ordinarily we would expect a sentence within the Guidelines range to be reasonable." Talley, 431 F.3d at 788. The "ordinary expectation still has to be measured against the record . . . ." Id. In doing so, the district court is not under an "across-the-board prescription regarding the appropriate deference to give the Guidelines . . . ." United States v. Hunt, 459 F.3d 1180, 1184 (11th Cir. 2006). Rather, the district court has the discretion to determine on a case-by-case basis the weight that it gives to the guidelines, so long as it considers the § 3553(a) factors. Id. at 1185.

Here, Severance has not shown that his 77-month sentence is unreasonable. The district court correctly calculated Severance's advisory guidelines range and imposed a sentence at the low end of that range. The district court declined to impose a sentence below the advisory guidelines range given Severance's history of substance abuse and volatility. It is clear from the district court's extensive consideration during the sentencing hearing of the possibility of a lesser sentence that the district court's decision to defer to the advisory guidelines range was case-specific and that the district court did not apply the guidelines in a de facto mandatory manner as claimed by Severance.[1]

_____

[1]In this regard, Severance relies heavily on the district court's order in an unrelated case in which the district court discussed when it believed that a sentence outside the guidelines was

7

Severance contends that his 77-month sentence is unreasonable because a 36-month sentence was all that was necessary to ensure that he was eligible for the comprehensive drug treatment program. This fact, however, does not make Severance's 77-month sentence "greater than necessary" to serve the purposes of sentencing. See 18 U.S.C. § 3553(a) (requiring the sentencing court to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of sentencing, often referred to as the "parsimony clause"). A defendant's need for rehabilitative treatment is only one factor a court must consider. The sentencing court must also ensure that the sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence and protects the public from further crimes. Id. § 3553(a)(2). Therefore, the fact that the sentence was greater than necessary to afford Severance an opportunity for drug treatment does not mean that the sentence was greater than necessary to achieve all the purposes of sentencing identified in § 3553(a). In fact,

appropriate. In that order, the district court stated that a below-guidelines sentence might be reasonable when "some articulable (and articulated), singular, and urgent attribute of a particular offense or offender creates a compelling centrifugal force" that "persuasively but episodically mitigates, aggravates, distinguishes, or supersedes the circumstances assumed in the guidelines sentence." United States v. Valencia-Aguirre, 409 F. Supp. 2d 1358, 1374, 1379 (M.D. Fla. 2006). Valencia-Aguirre's case is not before us, however, and the district court in sentencing Severance did not apply the standard articulated in Valencia-Aguirre. Rather, the district court stated that "there is in this instance no explicit consideration that justifies a departure from the Guidelines sentencing range, given the policies that it is intended to implement, which are certainly present under the facts of this case." We read this statement to mean that none of the circumstances in Severance's case justified a sentence outside the advisory guidelines range.

the district court explicitly considered several § 3553(a) factors, including the characteristics and history of the defendant and the need for the sentence to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense. Under the circumstances, Severance has not carried his burden to show his 77-month sentence is unreasonable.

**AFFIRMED.**