[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
05/05/99
THOMAS K. KAHN
CLERK

_____

No. 98-4926
Non-Argument Calendar

_____

D.C. Docket No. 97-500-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN CHASE,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(April 5, 1999)**

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

BLACK, Circuit Judge:

Appellant Stephen Chase appeals his sentence for possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d), 5871. Appellant asserts the district court erred in calculating his sentence by refusing to depart downward. We hold we lack jurisdiction to review the district court's discretionary decision not to depart downward.

## I.    BACKGROUND

Prior to sentencing in this case, Appellant asserted the following five grounds for downward departure: (1) Appellant possessed weapons to avoid a greater perceived harm; (2) Appellant's conduct was aberrant; (3) Appellant's old age and weak physical condition warrant probation; (4) Appellant would lose his professional teaching license as a result of his conviction; and (5) the totality of the circumstances place this case outside the heartland of Sentencing Guidelines cases.

At sentencing, Appellant presented witnesses and asked the court to exercise its "great discretion" to depart downward. The district court refused, stating:

> I've heard your evidence. I have considered your arguments. I've looked at each one of the bases for a downward departure to see if it is justified either under the [G]uideline provisions as well as under the case law interpreting those provisions. The departure on the basis of lesser harms would not support the downward departure. The departure based on aberrant behavior is not supported by the [G]uideline provisions or the Eleventh Circuit authority interpreting that provision.

2

Likewise with respect to departure based on age and physical condition. Again, as to departure based on loss of privilege to teach exceptional children and finally with respect to departure based on exceptional community service. Consequently, I deny the motion for downward departure . . . . Taking all of them into consideration, collectively, they would not warrant a downward departure.

## II.   DISCUSSION

We lack jurisdiction to review a sentencing court's refusal to depart downward when the decision is based on the court's discretionary authority. *United States v. Sanchez-Valencia*, 148 F.3d 1273, 1274 (11th Cir. 1998). We do, however, have jurisdiction if the sentencing court erroneously believes it lacks discretionary authority to depart downward. *Id.* The basis for the sentencing court's denial of a departure therefore has important consequences for our ability to review a refusal to depart.

Appellant contends the district court believed it had no authority to depart downward because the court did not provide findings of fact, discuss the application of the Guidelines to those facts, or state whether this case is atypical and outside the heartland of sentencing cases. In the alternative, he argues we should infer the district court believed it lacked discretionary authority to depart downward because the basis for its refusal is ambiguous.

We join the other Circuits that have addressed this issue in holding that when nothing in the record indicates otherwise, we assume the sentencing court understood

3

it had authority to depart downward.[1] *See United States v. Rowen*, 73 F.3d 1061, 1063 (10th Cir. 1996)*; Byrd*, 53 F.3d at 145; *United States v. Hurtado,* 47 F.3d 577, 585 (2d Cir. 1995); *United States v. Pinnick*, 47 F.3d 434, 439-40 (D.C. Cir. 1995); *United States v. Helton*, 975 F.2d 430, 434 (7th Cir. 1992); *United States v. Bailey*, 975 F.2d 1028, 1035 (4th Cir. 1992); *United States v. Georgiadis*, 933 F.2d 1219, 1222 (3d Cir. 1991); *United States v. Garcia-Garcia*, 927 F.2d 489, 490-91 (9th Cir. 1991).

Here, there is no indication the district court misapprehended its authority to depart downward and no party argued the court lacked authority to depart. The court did not express any ambivalence regarding its authority to depart and the evidence does not otherwise reflect the district court misapprehended its authority. *Cf. United States v. Webb*, 139 F.3d 1390, 1394-1395 (11th Cir. 1998) (holding the district court misapprehended its authority where evidence strongly suggested court's ambivalence regarding its authority). We therefore assume the district court understood it had authority to depart downward and simply decided not to exercise its discretionary

---

[1] Our review is, of course, facilitated when the sentencing court states on the record whether it exercised its discretion not to depart downward. *See Sanchez-Valencia*, 148 F.3d at 1274. Nonetheless, as long as there is no indication the sentencing court misapprehended its authority, we will assume the sentencing court understood it had authority to depart downward.

authority.   Accordingly, we do not have jurisdiction to review the district court's decision.

AFFIRMED.