# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1003

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Chad Orville Felderman, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 10, 2003

Filed: July 2, 2003

_____

Before MORRIS SHEPPARD ARNOLD and RILEY, Circuit Judges, and BOGUE,[1] District Judge.

_____

PER CURIAM

Chad Felderman appeals from his sentence following his conviction for manufacturing methamphetamine while on pretrial release. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 3147(1).

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

Mr. Felderman asserts that the district court[2] was unaware of its authority to depart downward under U.S.S.G. § 4A1.3, p.s., and thus committed error when it refused to do so. *See United States v. Lewis*, 249 F.3d 793, 795 (8th Cir. 2001). We disagree. Mr. Felderman's counsel alerted the district court to the relevant guideline section both in a pre-sentence brief and at the sentencing hearing itself. In these circumstances, we will not presume that the district court was unaware of its authority simply because it omitted to make a formal recital of its power to depart if the defendant's criminal history points significantly overstated his actual criminal history. *Cf. United States v. Chase*, 174 F.3d 1193, 1195 (11th Cir. 1999).

We also reject Mr. Felderman's contention that the district court erred because it did not sufficiently state its reasons for choosing the sentence that it imposed. We agree with Mr. Felderman that where, as here, the guidelines fix a sentencing range that spans more than twenty-four months, a sentencing court is obliged to state "the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). But here the district court had read the pre-sentence report and letters that the defendant submitted, had heard argument from counsel, and had listened to Mr. Felderman's allocution; and when the court pronounced sentence it specifically said that it had chosen the sentence "after taking into account ... all the facts and circumstances surrounding this case, the offense, and [the defendant's] personal history and characteristics." The court, moreover, stated that it was imposing the sentence "to afford adequate deterrence to criminal conduct and to protect the public." We think that these pronouncements rather clearly satisfy the requirements of the applicable statute. Indeed, the court specifically adverted to matters mentioned as relevant in 18 U.S.C. § 3553(a)(1), (a)(2)(B)&(C).

Affirmed.

---

[2]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.