[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 26, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13056

_____

D.C. Docket No. 03-00503-CR-T-24-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE RIVAS-RUIZ,
a.k.a. Washington Cifuentes-Guerrero,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 26, 2005)**

Before BLACK, WILSON and COX, Circuit Judges.

PER CURIAM:

Appellant Jose Rivas-Ruiz (Rivas), also known as Washington Cifuentes-Guerrero, a federal prisoner, appeals his convictions and sentences for possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 Appx. U.S.C. § 1903(a), (g) and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 Appx. U.S.C. § 1903(a), (g), (j) and 21 U.S.C. § 960(b)(1)(B)(ii).  On appeal, Rivas argues that (1) the district court erred in denying him a minor-role reduction, pursuant to U.S.S.G. § 3B1.2; (2) in light of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 543 U.S. —, 125 S. Ct. 738 (2005), the district court erred in setting his base offense level at 38, because he did not admit a particular drug quantity and a jury did not find one beyond a reasonable doubt; and (3) the district court erred in denying his motion for a downward departure, pursuant to U.S.S.G. § 5K2.0.  We now affirm Rivas' conviction and sentence.

## I.

Rivas asserts that, in determining whether to award him a minor-role reduction, the district court erroneously considered only his role as compared to that of other participants in the offense and did not consider his role in the relevant

conduct for which he was held accountable at sentencing. He asserts that he was held accountable for a "broad criminal conspiracy" involving numerous other people known and unknown to the government and claims that he was less culpable than other participants.

We review a district court's determination of a defendant's role in an offense for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The proponent of a minor-role reduction bears the burden of proving, by a preponderance of the evidence, that he is entitled to a role reduction. *Id.* at 939.

Under U.S.S.G. § 3B1.2(b), a district court can reduce a defendant's base offense level by two levels if he was a "minor participant" in the offense. A defendant is a minor participant when he "is less culpable than most other participants," but his role could not be described as minimal. U.S.S.G. § 3B1.2 at comment. (n.5). In determining a defendant's role in an offense, a district court should consider two factors: (1) the defendant's role in the relevant conduct for which he has been held accountable at sentencing, and (2) his role as compared to that of other participants in his relevant conduct. *De Varon*, 175 F.3d at 940.

With regard to the first factor, drug courier status in and of itself is "not dispositive of whether a defendant is entitled to or precluded from receiving" a

minor-role reduction. *Id.* at 942. In the drug courier context, the amount of drugs is a "material consideration" in determining the defendant's role, because the amount of drugs in a courier's possession "may be the best indication of the magnitude of the courier's participation in the criminal enterprise." *Id.* at 943. In determining the defendant's role in the drug courier context, the district court should consider the "amount of drugs, fair market value of drugs, amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution." *Id.* at 945.

As to the second factor, the district court should only consider other participants who are "identifiable or discernable from the evidence." The fact that a defendant's role is less than that of other participants is not dispositive, as it is possible that none of the participants are minor participants. The defendant must prove that he was less culpable than most other participants. *Id.* at 944.

After reviewing the record, we conclude that the district court did not clearly err in denying Rivas a minor-role reduction. Contrary to Rivas' assertion, the district court did consider the first factor of the *De Varon* test: Rivas' role in the relevant conduct for which he was held accountable at sentencing. The court correctly noted that Rivas was held accountable only for the quantity of cocaine actually found on the vessel on which he was a crew member. With regard to the

4

second factor of the *De Varon* test, the district court also correctly found that Rivas was not entitled to a reduction. Rivas did not meet his burden to show that he was "less culpable than most other participants." *Id.* at 944. To the extent that Rivas points to unidentified other participants in the conspiracy, the district court was not required to consider Rivas' role as compared to these people because they were not "identifiable or discernable from the evidence." *Id.* As to those participants who were identifiable, Rivas could not show that he was less culpable than the other seven crew members on the vessel, excluding the captain. In fact, Rivas admitted at sentencing that he played a comparable role to other crew members.

## II.

Rivas argues that, under *Blakely/Booker*, the district court lacked the authority to set his base offense level at 38, without a jury determination concerning the drug quantity and without his consent to judicial factfinding. Because Rivas did not raise a constitutional objection to the district court's application of the sentencing guidelines below, we review this issue for plain error only.

Assuming the district court erred, and that error was plain, Rivas cannot show the error affected his substantial rights. *See United States v. Rodriguez*, 398

5

F.3d 1291, 1298 (11th Cir. 2005).[1]  A defendant's substantial rights are affected when there is a reasonable probability that the district court would have imposed a different sentence if the guidelines were not mandatory.  *Id.* at 1299.  The burden of persuasion is on the defendant.  *Id.*  Where the record does not indicate what the district court would have done if the guidelines were not mandatory, the defendant has failed to meet his burden.  *See id.* at 1301.

Here, as in *Rodriguez*, the record provides no indication that the district court would have imposed a different sentence if it were not constrained by the mandatory nature of the guidelines.  Accordingly, Rivas cannot meet his burden to show that any *Booker* error affected his substantial rights.

### III.

Rivas argues that the district court may have erroneously concluded that it lacked the authority to depart downward in sentencing him.  He asserts that the guidelines do not take into account a defendant from another country who will be serving a lengthy sentence in a foreign country, who does not speak English, and whose family has no financial resources available to send to him or to use to travel to visit him.

---

[1]We assume the district court committed both constitutional and statutory *Booker* error.

6

After *Booker*, our review of decisions regarding downward departures remains limited. We lack jurisdiction "to consider a defendant's appeal of a discretionary decision of the district court to not apply a downward departure, so long as the district court did not incorrectly believe that it lacked the authority to apply a departure." *United States v. Winingear*, ___ F.3d ___, 2005 WL 2077087, *3 (11th Cir. Aug. 30, 2005). Such decisions are reviewable, however, if the district court refused to depart downward because of an erroneous belief that it lacked the authority to do so. *Id.* We review de novo the question of whether the district court erroneously believed it lacked the authority to depart. *United States v. Pressley*, 345 F.3d 1205, 1209 (11th Cir. 2003). When nothing in the record indicates otherwise, we will assume that the trial court understood that it had the authority to depart. *United States v. Chase*, 174 F.3d 1193, 1195 (11th Cir. 1999).

The sentencing guidelines allow a district court to depart downward, in cases other than child crimes and sexual offenses, if the court finds "that there exists an aggravating or mitigating circumstance, of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, should result in a sentence different from that described." U.S.S.G. § 5K2.0(a) (Nov. 1, 2003).

7

In the instant case, we lack jurisdiction to consider the district court's refusal to depart downward because nothing in the record indicates that the district court believed it lacked the authority to depart. Therefore, we assume that the district court understood its authority to depart and decline to address this issue. *See Chase*, 174 F.3d at 1195.

**AFFIRMED.**