[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 10, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15449

_____

D. C. Docket No. 02-00021-CR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDALL J. COYLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(November 10, 2005)**

Before BLACK, WILSON and COX, Circuit Judges.

PER CURIAM:

Randall J. Coyle appeals his sentence for conspiracy to commit mail fraud, wire fraud, and bank fraud, in violation of 18 U.S.C. § 371, and illegal monetary transactions, in violation of 18 U.S.C. § 1957. He asserts the district court erred in (1) applying the 2003 edition of the Sentencing Guidelines Manual in violation of the Ex Post Facto Clause; (2) applying an enhancement under U.S.S.G. § 2B1.1(b)(7)(B) for committing a fraudulent action during the course of a bankruptcy proceeding; (3) applying an enhancement under § 3B1.4 for use of a minor during the offense; (4) denying his request for a downward departure based on improper manipulation of the Sentencing Guidelines by the Government; and (5) committing both constitutional and statutory errors under *Unites States v. Booker*, 125 S. Ct. 738 (2005). We affirm the district court with respect to Coyle's first four claims, but vacate his sentence and remand for resentencing under *Booker*.

## I.  BACKGROUND

Coyle and his co-conspirators devised a Ponzi scheme to defraud investors. He was charged with 15 counts arising out of the scheme and pled guilty to two of the counts:  conspiracy to commit mail fraud, wire fraud, and bank fraud, in violation of 18 U.S.C. § 371, and illegal monetary transactions, in violation of 18 U.S.C. § 1957. Coyle's total offense level, as calculated under the November

2003 Sentencing Guidelines Manual, was 36, which included enhancements for committing a fraudulent action during the course of a bankruptcy proceeding under U.S.S.G. § 2B1.1(b)(7)(B) and using a minor during the offense under § 3B1.4. Coyle's offense level of 36 and criminal history category of I created a recommended Guidelines range of 188–235 months' imprisonment. However, because the statutory maximum sentence for these two offenses totaled 180 months' imprisonment pursuant to § 5G1.1(c)(1) and § 5G1.2(d), his maximum sentence became 180 months. The district court accordingly sentenced Coyle to consecutive terms of 60 months' imprisonment on the first count and 108 months' imprisonment on the second count.

## II.  DISCUSSION

Coyle first claims the district court violated the Ex Post Facto Clause by applying the November 2003 edition of the Sentencing Guidelines Manual to determine his sentence for an illegal monetary transaction. He claims this edition includes fraud and theft amendments that did not take effect until after his most serious charged offense was completed. We rejected a similar argument in *Bailey v. United States*, 123 F.3d 1381, 1405 (11th Cir. 1997), holding "a defendant knows, when he continues to commit related crimes, that he risks sentencing for all of his offenses under the latest, amended Sentencing Guidelines Manual."

Coyle continued to commit acts in furtherance of the conspiracy until January 2002, several months after the fraud and theft amendments took effect. Accordingly, the district court did not err in applying the 2003 Guidelines Manual.

Coyle next asserts the district court erred in imposing two enhancements to his sentence. First, he disputes a two-level enhancement imposed for committing a fraudulent action in the course of a bankruptcy proceeding pursuant to § 2B1.1(b)(7)(B). Coyle contends the bankruptcy at issue only involved his cousin, a co-conspirator, and the enhancement therefore cannot apply to him. The plain language of § 2B1.1(b)(7)(B) states the enhancement applies to any "misrepresentation or other fraudulent action during the course of *a* bankruptcy proceeding." *Id.* (emphasis added). Coyle's cousin testified that he and Coyle agreed to conceal information from the bankruptcy court in order to shield the Ponzi scheme from law enforcement. Thus, these misrepresentations and fraudulent actions occurred during the course of a bankruptcy proceeding, and the district court did not err in applying § 2B1.1(b)(7)(B) to Coyle's sentence.

Second, Coyle argues the district court erred in applying the § 3B1.4 enhancement for use of a minor during the offense because he never acted affirmatively to involve a minor. In *United States v. McClain*, 252 F.3d 1279, 1288 (11th Cir. 2001), we held this enhancement applies to all participants in an

4

offense when the use of a minor was reasonably foreseeable. Coyle's cousin was using his minor son to cash checks from a hidden bank account in order to conceal those funds from the bankruptcy court. Coyle did not dispute the district court's finding that he knew his cousin was using his son in this way, and thus concedes he had actual notice of the use of a minor in the offense. The district court therefore did not err in applying § 3B1.4 to his sentence.

Coyle next argues the district court erred in denying his request for a downward departure based on the Government's improper manipulation of the Sentencing Guidelines. This Court "lack[s] jurisdiction [pursuant to 18 U.S.C. § 3742(a)] to review a sentencing court's refusal to depart downward when the decision is based on the court's discretionary authority." *United States v. Chase*, 174 F.3d 1193, 1195 (11th Cir. 1999). As we recently held, this precedent remains intact post-*Booker* because the Supreme Court in *Booker* did not disturb 18 U.S.C. § 3742(a). *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). Here, the district court expressly recognized its authority to depart downward, stating "[t]he concept of a departure on account of guideline manipulation . . . is one which should be an option." Accordingly, the district court recognized its authority to depart downward but chose not to. We thus lack jurisdiction to review the district court's decision.

5

Finally, Coyle claims the district court committed both constitutional and statutory errors under *Booker*. We have established there are two types of error under *Booker*: (1) Sixth Amendment, or constitutional, error based upon sentencing enhancements imposed in a mandatory Guidelines system, and neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) statutory error based upon sentencing under a mandatory Guidelines system. *United States v. Shelton*, 400 F.3d 1325, 1329–31 (11th Cir. 2005). The district court did not commit constitutional error because Coyle failed to object to the facts upon which the court based its sentencing enhancements, and those facts are thus deemed admitted. *See id.* at 1330.

Statutory error exists, however, because the district court sentenced Coyle under a mandatory Guidelines system. Furthermore, this error is plain, so we need not decide whether Coyle preserved his *Booker* claim. To prevail under plain error review, the burden is on the appellant to show: (1) error; (2) that is plain; (3) that affects substantial rights. *Id.* at 1329. "[I]n applying the third prong, we ask whether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005). Once the appellant proves these three elements, we may notice the error only if it

6

"seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Shelton*, 400 F.3d at 1329.

The record supports the reasonable probability the district court would have imposed a different sentence if the Guidelines were advisory rather than mandatory. Before sentencing Coyle, the district court stated it was "bound" by the Guidelines. The court also expressed its frustration with having to start at the statutory maximum, noting: "I am troubled where there is a statutory maximum and I see a set of circumstances which do not show me the worst of offenders who might fall within the proscription of that statute." Without referring to the factors under 18 U.S.C. § 3553(a), the court then departed downward, in part because it did not regard Coyle as the "worst of offenders." Accordingly, we vacate Coyle's sentence and remand for resentencing in light of *Booker*.

## III. CONCLUSION

The district court did not err in applying the 2003 Sentencing Guidelines Manual or imposing the two sentencing enhancements challenged by Coyle. Furthermore, we lack jurisdiction to review the district court's decision to deny a downward departure based on improper manipulation of the Guidelines. However, because the district court committed plain statutory error under *Booker*, we vacate Coyle's sentence and remand for resentencing.

7

We note the district court correctly calculated Coyle's Guidelines range of 188-235 months' imprisonment and his statutory maximum of 180 months' imprisonment. *See United States v. Crawford*, 407 F.3d 1174, 1178–79 (11th Cir. 2005) (stating after *Booker*, district courts must consult the Guidelines and "[t]his consultation requirement, at a minimum, obliges the district court to calculate *correctly* the sentencing range prescribed by the Guidelines"). Thus, on remand the district court is required to sentence Coyle according to *Booker*, considering the Guidelines advisory range, the statutory maximum, and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)." *Booker*, 125 S. Ct. at 757.[1]

AFFIRMED IN PART, VACATED AND REMANDED IN PART.

---

[1] We do not mean to suggest by our holding that the district court must impose any particular sentence on remand. Rather, we merely hold Coyle met his burden in showing plain statutory error. We also do not attempt to decide now whether a particular sentence might be reasonable in this case.