[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 05, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16530
Non-Argument Calendar

_____

D. C. Docket No. 05-20333-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANA GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 5, 2006)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Ana Garcia appeals her 18-month sentence imposed following her plea of guilty to eight counts of bank fraud. Garcia assumes on appeal that she is entitled to appeal the district court's denial of her motion for a downward departure under U.S.S.G. § 5K2.0(d)(5). She contends that the denial, which was based upon the merits, and, alternatively, procedural grounds, was in error. Garcia also claims that the district court believed that it lacked authority to depart.

Where a sentencing court refuses to depart downward based on the exercise of its discretionary authority, we lack jurisdiction to review that decision. United States v. Chase, 174 F.3d 1193, 1195 (11th Cir. 1999). "[W]hen nothing in the record indicates otherwise, [we] assume the sentencing court understood it had authority to depart downward." Chase, 174 F.3d at 1195; see United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005) ("After Booker,[1] our review of decisions regarding downward departures remains limited"). In fact, a district court's refusal to depart downward can present a cognizable claim on appeal only if the court erroneously believed that it lacked the authority to grant such a departure. Chase, 174 F.3d at 1195; United States v. Hadaway, 998 F.2d 917, 919 (11th Cir. 1993).

---

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005).

A review of the sentencing hearing reveals that the district court understood that it had the authority to grant the departure and that it ruled on the motion both procedurally and on the merits. The district court made no statements that did not have the authority to grant the departure so we assume that it thought it did have the authority. See Chase, 174 F.3d at 1195. Garcia's claims to the contrary are without support in the record. Therefore, we lack jurisdiction to review the merits of the district court's denial of Garcia's motion for downward departure.

Because the motion was considered on the merits by the district court, we further decline to reach her argument that it erred by finding that the motion was untimely filed.[2] See Chase, 174 F.3d at 1195; Hadaway, 998 F.2d at 919. Specifically, although the court alternatively discussed another basis for denying the motion (e.g., timeliness), the court's ruling on the merits rendered the former omission moot.

Based upon the foregoing, we affirm Garcia's sentence.

**AFFIRMED.**

---

[2]We have previously considered the Southern District of Florida's Local Rule 88.8(6), which requires that motions for departure be filed no later than 5 days prior to the sentencing proceeding, and determined that the rule is permissible. United States v. Quintana, 300 F.3d 1227, 1230 (11th Cir. 2005).