[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 10, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15697
Non-Argument Calendar
_____

D. C. Docket No. 05-20229-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY CHRISTOPHER WAUGH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 10, 2006)**

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Gregory Waugh pleaded guilty to (1) conspiracy to import 100 grams or

more of heroin in violation of 21 U.S.C. § 963; (2) importation of 100 grams or

more of heroin in violation of 21 U.S.C. §952(a); (3) conspiracy to possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846; and (4) possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 135 months imprisonment and appeals the sentence.

Waugh contends that the record is ambiguous regarding whether the district court recognized that it had authority to depart downward from the guidelines range based on Waugh's medical condition, and thus, we should remand the case for resentencing. He relies on our decision in United States v. Sanchez-Valencia, 148 F.3d 1273, 1274 (11th Cir. 1998) for the proposition that a district court must clearly state on the record whether it believed it had authority to depart downward.

We lack jurisdiction to review a district court's decision to deny a downward departure unless the court incorrectly believed that it lacked authority to grant the departure. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). We have noted that "it would facilitate review if sentencing judges would state on the record that they believe they have or do not have the authority to depart," Sanchez-Valencia, 148 F.3d at 1274, but we have never said that such a statement is required. Instead, we have held that "when nothing in the record indicates otherwise, we assume the sentencing court understood it had authority to depart

2

downward." United States v. Chase, 174 F.3d 1193, 1195 (11th Cir. 1999). In this case, the district court did have authority to depart downward because while physical impairment is a discouraged basis for departure, an extraordinary physical impairment may warrant departure. United States Sentencing Guidelines § 5H1.4 (2000); United States v. DeVegter, 439 F.3d 1299, 1306 (11th Cir. 2006).

The district court did not believe it lacked authority to depart downward based on Waugh's illness, and so we lack jurisdiction to review the district court's decision denying the departure. The court stated that Waugh's sickle cell anemia is not "something that would require a downward departure on the basis of illness." This indicates that the court understood it had authority to depart on the basis of illness, but believed that Waugh's illness did not warrant departure. Likewise, contrary to Waugh's contention, the court's statement that it did not believe Waugh's sickle cell anemia was a "basis for a downward departure" does not reveal ambiguity as to whether the court believed it had authority to depart. That statement came after the court explained that Waugh's condition is common in the federal prison system and that he could be properly cared for in prison. Read in context, the statement shows that the court did not believe that Waugh's condition merited departure.

Because nothing in the record indicates otherwise, we will assume that the

district court understood it had authority to depart downward.  Chase, 174 F.3d at 1195.  Thus, we affirm Waugh's sentence.

**AFFIRMED.**