[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16081
Non-Argument Calendar

_____

D. C. Docket No. 06-20226-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO RENE DOMINQUEZ-CHACON,
a.k.a. Sergio R. Dominguez-Chacon

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 20, 2007)**

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Sergio Rene Dominguez Chacon ("Chacon") appeals his 135-month

sentence for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while on board a motor vessel subject to United States jurisdiction, 46 U.S.C. § 70506.[1] After a thorough review of the record, we affirm.

I. Background

Pursuant to a written plea agreement, Chacon pleaded guilty to the conspiracy charge. At the change-of-plea hearing, the government proffered, and Chacon admitted, the following facts. The U.S. Coast Guard ("USCG") sighted the Dan Viking motor vessel ("M/V") in international waters and made contact with the first mate, who officials believed was being coached by one of the seven crew members on board. USCG officials conducted a "space accountability" inspection of the M/V, locating approximately 2,500 kilograms of cocaine.

According to the presentence investigation report ("PSI"), all seven members of the crew were aware of the purpose of the trip, and all seven participated in loading the cocaine bales onto the M/V. During an FBI interview, Chacon stated that he was hired by Jimmy Solis to work on the M/V, but Chacon denied knowing about the cocaine. The probation officer noted that all of the crew members were to be held responsible for the entire amount of cocaine, but there was no evidence to suggest that any of the crew members held a more culpable role

_____

[1] Effective October 6, 2006, 46 U.S.C. § 1903(j) is now located in 46 U.S.C. § 70506. See Pub. L. No. 109-134, 120 Stat. 1485 (2006).

and, therefore, none were entitled to a role adjustment.

Also included in the PSI was a written statement from Chacon in which he stated:

> I was working on this ship when [Jimmy] Solis told me there were going to be drugs on board this trip. . . . Since [Jimmy] Solis knew where my family lived, I couldn't leave the boat, while fearing he might do something to them. [Jimmy] Solis told me that if I didn't want to make this trip, he was going to send me to a farm in Colombia because the captain told him he couldn't leave any loose ends. I understood that as a threat.

In his objections to the PSI, Chacon argued that a minor-role reduction was warranted, and he also requested a downward departure for duress. After listening to a statement from Chacon, and hearing from the government, the court stated,

> I believe the guideline range, as well as the calculation by the Probation Department, including the role in the offense, is correct given the factors in [18 U.S.C. §] 3553, as well as having reviewed the role – excuse me – reviewing the guidelines at [§] 3B1.2, which is the mitigating role, which discuss[es] minimal and minor participant. . . . [T]he comments and analysis to both of those sections reveal that it will be used infrequently. It is to correct what I think is – and unfortunately this can happen particularly when you deal with an amount that someone is caught betwixt and between their behavior and what may be considered their relevant conduct in terms of a large quantity of narcotics. I don't believe that that's the case here. I believe that the guideline range is the appropriate sentence for this particular defendant.

The court sentenced Chacon to 135 months' imprisonment. When the court asked Chacon if he had any objections, Chacon renewed his objections concerning

the role reduction and the denial of a downward departure. Chacon now appeals, challenging the district court's denial of a mitigating-role reduction and the failure to rule explicitly on his request for a downward departure.

II. Discussion

A. Minor-Role Reduction

We have "long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

Pursuant to U.S.S.G. § 3B1.2, a defendant's offense level should be decreased by two levels if he was a "minor participant." U.S.S.G. § 3B1.2(b). The two-level reduction applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." Id., comment. (n.5). The Commentary further provides that "[t]his section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." Id., comment. (n.3(A)) (emphasis added). Chacon bears the burden of showing his minor role by a preponderance of the evidence. De Varon, 175 F.3d at 939.

In De Varon, this court established a two-part test for whether a mitigating-role reduction is appropriate. See id. at 940-45. In applying the first

4

prong, "the district court must measure the defendant's role against the relevant conduct for which [he] has been held accountable." Id. at 940. "Only if the defendant can establish that []he played a relatively minor role in the conduct for which []he has already been held accountable–not a minor role in any larger criminal conspiracy–should the district court grant a downward adjustment for minor role in the offense." Id. at 944. In a drug courier context, the amount of drugs involved is a material consideration. Id. at 943. The first prong is often dispositive of the issue. See id. at 945.

In the second prong of the De Varon analysis, the district court may assess a defendant's relative culpability compared with "other participants in the relevant conduct." Id. at 944. "The conduct of participants in any larger criminal conspiracy is irrelevant." Id. In addition, it is possible that none of the participants are minor or minimal participants. Id. The defendant must prove that he is less culpable than most other participants. Id.

Here, the record supports the court's denial of a role reduction because Chacon offered no factual basis upon which to conclude that his actual conduct was any different than the relevant conduct for which he was held accountable. Therefore, Chacon did not meet the first prong of mitigating-role test.[2]

_____

[2] Chacon's reliance on United States v. Dorvil, 784 F. Supp. 849 (S.D. Fla. 1991), is misplaced. First, Dorvil is not binding on this court. Second the facts are distinguishable, given that

Moreover, there was no evidence to suggest that any of the defendants were more culpable than the others. Although Chacon argues, and the government does not dispute, that there were other more culpable crew members, whether Chacon was less culpable than three other crew members is not dispositive because it is possible that none of the four remaining crew members were minor or minimal participants. And Chacon's assertions that others were more culpable do not meet his burden of establishing that he was entitled to a reduction. Therefore, he also fails to meet the second prong of the mitigating-role test.

B. Departure

Chacon also argues that the district court erred by failing to rule explicitly on his request for a downward departure due to duress under U.S.S.G. § 5K2.12.

We lack jurisdiction to review a district court's discretionary decision not to apply a downward departure, but we review de novo the issue of whether a district court erroneously believed that it lacked the authority to depart. United States v. Pressley, 345 F.3d 1205, 1209 (11th Cir. 2003). "[W]hen nothing in the record indicates otherwise, we assume the sentencing court understood it had authority to depart downward." United States v. Chase, 174 F.3d 1193, 1195 (11th Cir.1999).

in Dorvil, the defendants were unaware of the cocaine during the course of the voyage, lacked knowledge and understanding of the scope of the enterprise, and did not have a proprietary interest in the cocaine. Id. at 852. Here, Chacon admitted that he was aware of the nature of the voyage well before the cocaine was transferred to the M/V from the go-fast boat.

6

Because Chacon failed to object specifically to the district court's purported failure to rule on the motion for a downward departure, our review is for plain error. See United States v. Shelton, 400 F.3d 1325, 1328 (11th Cir. 2005). Under plain error review, there must be (1) an error, (2) that is plain, and (3) that affects the defendant's substantial rights. Id. at 1328-29. "For an error to affect substantial rights, 'the error must have been prejudicial: It must have affected the outcome of the district court proceedings.'" United States v. Edouard, 485 F.3d 1324, 1343 n.7 (11th Cir. 2007) (citation omitted). We may correct an error meeting the above criteria only "if it 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (citation omitted).

The sentencing court "must–for any disputed portion of the presentence report or other controverted matter–rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed.R.Crim.P. 32(i)(3)(B). "To facilitate judicial review of sentencing decisions and avoid unnecessary remands, we [have noted] that sentencing judges should make explicit findings of fact and conclusions of law." United States v. Wise, 881 F.2d 970, 973 (11th Cir. 1989). Where the district court fails to make explicit findings, however, meaningful appellate review is not necessarily precluded if the record supports the district

court's decision.  See id.

We conclude that the district court did not plainly err by failing to rule explicitly on the motion for a downward departure.  After hearing Chacon's arguments, the court implicitly denied the motion when it found that "the guideline range [was] the appropriate sentence for this particular defendant," and imposed a low-end guidelines sentence.  Chacon acknowledged the denial when he renewed his objection, but he did not object to the manner in which the sentence was imposed or the lack of an explicit ruling on the issue.  Thus, although the court failed to deny Chacon's motion for a downward departure explicitly, the record supports the conclusion that the court did in fact rule on the matter, and Chacon has not shown that the lack of an explicit ruling affected the outcome of the proceedings.  Further, because nothing in the record indicates that the court was unaware of its authority to depart downward, we lack jurisdiction to review the district court's decision not to apply the downward departure.

For the above reasons, we affirm.

**AFFIRMED.**