[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14781
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 27, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00406-CR-JEC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY HAYWOOD SHORE,
a.k.a. Samuel Shore,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 27, 2009)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Jeffrey Haywood Shore appeals his 77-month sentences for loan application

fraud and wire fraud, in violation of 18 U.S.C. §§ 1014, 1343, and his 60-month sentence for conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371. He argues that the district court erred in denying his motion for a U.S. SENTENCING GUIDELINES MANUAL § 5K2.0 downward departure based on poor pretrial confinement conditions.

"We lack jurisdiction to review a district court's decision to deny a downward departure unless the district court incorrectly believed that it lacked authority to grant the departure." *United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006) (per curiam). The district court is not required to state on the record whether it believed it had authority to depart below the Guidelines. *Id.* Instead, "'when nothing in the record indicates otherwise, we assume the sentencing court understood it had authority to depart downward.'" *Id.* (quoting *United States v. Chase*, 174 F.3d 1193, 1195 (11th Cir. 1999)).

Here, the district court not only indicated that it understood that it could depart downward, the court indicated that it believed Shore's criminal background warranted a higher sentence than the one imposed. Because the district court gave no indication that it believed it lacked authority to grant Shore a downward departure, we lack jurisdiction to review its decision to deny the departure.

CONCLUSION

2

Upon review of the record and the parties' briefs, we discern no reversible error.  Accordingly, we affirm Shore's sentences.

**AFFIRMED.**