[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 19, 2009
THOMAS K. KAHN
CLERK

Nos. 08-14932 & 08-14933
Non-Argument Calendar

_____

D. C. Docket Nos. 07-00228-CR-4, 07-00239-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTINA STONE,
a.k.a. Big Baby,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Georgia

_____

(March 19, 2009)

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Christina Stone appeals her 87-month sentence for conspiracy to make,

possess, and utter counterfeit securities of the United States and corporate organizations, in violation of 18 U.S.C. § 371. Stone contends that the district court erred by increasing her sentence by four levels based on her leadership role in the offense. She argues that, because she did not admit the facts upon which this increase was based and the facts were not found by a jury, the imposition of a four-level increase violated *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). Stone also contends that the district court imposed a sentence "greater than necessary" by not granting her a downward departure on the basis of her health condition, family responsibilities, and alleged acceptance of responsibility.

We review the district court's interpretation of the Guidelines *de novo*. *United States v. Valnor*, 451 F.3d 744, 749-50 (11th Cir. 2006). We review the district court's factual findings for clear error. *Id.* We review the substantive reasonableness of a sentence for abuse of discretion, taking into account the totality of the circumstances. *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008). "Review for reasonableness is deferential." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

In *Booker*, the Supreme Court (1) held that sentence enhancements based solely on judicial fact-finding pursuant to the mandatory Sentencing Guidelines violate the Sixth Amendment and (2) excised the provisions of the Sentencing

2

Reform Act that made the guidelines mandatory, thereby effectively rendering the Sentencing Guidelines advisory only. *Booker*, 543 U.S. at 233-35, 259, 125 S. Ct. at 749-51, 764. "When the district court applies the Guidelines in an advisory manner, nothing in *Booker* prohibits district courts from making, under a preponderance-of-the-evidence standard, additional factual findings that go beyond a defendant's admissions." *United States v. Smith*, 480 F.3d 1277, 1281 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 175 (2007); *see also United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005), *cert. denied*, 125 S. Ct. 2935 (recognizing that "the use of extra-verdict enhancements in a non-mandatory guidelines system is not unconstitutional"). We have also held that "a district court may enhance a sentence based upon judicial fact-finding provided that its findings do not increase the sentence beyond the statutory maximum authorized by facts determined in a guilty plea or jury verdict." *United States v. Dean*, 487 F.3d 840, 854 (11th Cir. 2007) (per curiam), *cert. denied*, 128 S. Ct. 1444 (2008).

Furthermore, "[w]e lack jurisdiction to review a district court's decision to deny a downward departure unless the district court incorrectly believed that it lacked authority to grant the departure." *United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006) (per curiam). The district court is not required to state on the record whether it believed it had authority to depart below the Guidelines. *Id.*

Instead, "'when nothing in the record indicates otherwise, we assume the sentencing court understood it had authority to depart downward.'" *Id.* (quoting *United States v. Chase*, 174 F.3d 1193, 1195 (11th Cir. 1999)).

Here, Stone's sentence did not exceed the applicable statutory maximum penalty, and the district court treated the Sentencing Guidelines as advisory. The district court was entitled to enhance her sentence based on findings of fact it made by a preponderance of the evidence. Additionally, because the district court indicated that it knew it had the authority to depart downward, we lack jurisdiction to review the district court's decision not to depart downward.

## CONCLUSION

Upon review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED.**

4