[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16431
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 2, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00315-CR-26-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARRIEM YUSEF BUTLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 2, 2010)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Karriem Yusef Butler appeals the consecutive sentences imposed following

his conviction on two counts of using a communication facility to aid a conspiracy to possess with intent to distribute, and to distribute, controlled substances, in violation of 21 U.S.C. § 843(b).

I. Background

Butler and numerous others were charged in connection with a large-scale drug-distribution scheme. Butler was charged with conspiracy to possess with intent to distribute drugs, in violation of 21 U.S.C. § 846 (Count 1), and three counts of using a telephone to facilitate that conspiracy, in violation of § 843 (Counts 51 through 53). At the time of his arrest on the federal charges, Butler was in state custody for drug offenses related to the federal charges.[1]

Butler pleaded guilty to two counts of using the telephone to facilitate the conspiracy (Counts 51 and 52). Under the terms of his plea agreement, Butler admitted that he used a telephone to facilitate the drug conspiracy. The plea agreement explained that the statutory maximum sentence under § 843 was four years' imprisonment.

At the change-of-plea hearing, Butler admitted that he had received two phone calls from co-conspirator Telly Petty asking him to get some cocaine and materials to cut the drugs. Butler had agreed to supply the cocaine and deliver it to

_____

[1] Butler was convicted in state court of possession of lidocaine, a violation of the Georgia Controlled Substance Act.

2

Petty.

In determining the advisory sentencing range, the probation officer applied a base offense level of 28 under U.S.S.G. § 2D1.1(c)(6),[2] with a 3-level reduction for acceptance of responsibility, for a total adjusted offense level of 25. As a career offender, Butler's criminal history category was VI, which yielded a guideline range of 110 to 137 months' imprisonment. But the consecutive statutory maximum sentences decreased this range to 96 months.

Butler objected to the amount of drugs attributed to him, argued that the offense level should have been 12 under § 4B1.1(b), and opposed consecutive sentences. He also argued that he was a minor or minimal participant and that his criminal history category over-represented his prior convictions. The district court rejected his arguments, adopted the presentence investigation report, and sentenced Butler to 48 months' imprisonment on Count 51 and a consecutive 44-month term of imprisonment on Count 52. The court varied downward slightly from the statutory maximum in order to avoid a sentencing disparity with one of Butler's codefendants. Butler now appeals.

Butler raises several arguments regarding the reasonableness of his sentences. First, he argues that the district court procedurally erred by

---

[2] The base offense level did not include any of the lidocaine for which Butler had been arrested on state charges.

(a) calculating his base offense level as 28 after the court made factual findings about the specific drug quantity, (b) imposing consecutive sentences, and (c) denying a reduction for being a minor or minimal participant under U.S.S.G. § 3B1.2. Second, Butler argues that his sentence was substantively unreasonable because the court (a) improperly relied on hearsay testimony and conduct outside the scope of the facts to which he pleaded guilty, (b) failed to give him credit for time served, and (c) did not consider factors that would warrant a downward departure.[3] We address each in turn.

II. Discussion

We review the reasonableness of a district court's sentence under a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007).

A. Procedural reasonableness

Butler's sentence is procedurally unreasonable if the district court failed to calculate (or improperly calculated) the guidelines range, treated the guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the chosen

---

[3] For the first time in his reply brief, Butler argues that the district court's failure to consider his limited role rendered his sentence substantively unreasonable. We need not consider this issue. *See United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999).

sentence—including an explanation for any deviation from the guidelines range. *See id.* at 51. We review a district court's factual findings related to the imposition of a sentence for clear error. *See United States v. Villarreal*, 613 F.3d 1344, 1357-58 (11th Cir. 2010) (quotation marks omitted). "A district court's factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 1358.

### 1. Drug quantity

The district court may consider all relevant conduct in calculating a defendant's offense level. *United States v. Hamaker*, 455 F.3d 1316, 1336 (11th Cir. 2006). Relevant conduct includes conduct for which the defendant was acquitted, *United States v. Duncan*, 400 F.3d 1297, 1304 (11th Cir. 2005), conduct that is the basis for counts dismissed pursuant to a plea agreement, *United States v. Alston*, 895 F.2d 1362,1371-72 (11th Cir. 1990), and uncharged criminal conduct that occurred outside the statute-of-limitations period, *United States v. Scroggins*, 880 F.2d 1204, 1214 (11th Cir. 1989). The court may determine the sentence based on judicial fact-finding of relevant conduct provided that the court's findings are by a preponderance of the evidence and the court recognizes that the guidelines are advisory. *United States v. Dean*, 487 F.3d 840, 854 (11th Cir. 2007).

Furthermore, "the district court may base sentencing determinations on reliable hearsay." *United States v. Baker*, 432 F.3d 1189, 1254 n.68 (11th Cir. 2005). Credibility determinations are the province of the district court. *Villarreal*, 613 F.3d at 1358.

Here, the district court properly determined the drug quantity attributable to Butler based on a preponderance of the evidence. Petty testified at sentencing that Butler had assisted him with repackaging two kilograms of cocaine. Moreover, although Butler pleaded guilty to only two counts of using the telephone to facilitate a drug conspiracy, there was evidence to connect him with the distribution of at least two kilograms of cocaine.

The district court also properly determined the guideline range using a base offense level of 28, which is the level applicable to two kilograms of cocaine. Butler argues that his offense level was twelve under § 4B1.1(b)(G)[4] because the statutory maximum for his offense was four years and he was a career offender. But Butler misunderstands the guideline calculations; § 4B1.1(b)(G) does not apply if the offense level under that section is less than the otherwise applicable

---

[4] Section 4B1.1(b) assigns base offense levels for offenses committed by career offenders. If the offense level under § 4B1.1(b) is greater than the otherwise applicable offense level, the court is instructed to apply the offense level from § 4B1.1(b). Offenses such as Butler's, which have a statutory maximum sentence of one to five years' imprisonment, are assigned an offense level of 12. U.S.S.G. § 4B1.1(b)(G). Here, Butler's otherwise applicable offense level was 28.

offense level. Because Butler's level under § 2D1.1 was 28, higher than the offense level under § 4B1.1(b)(G), § 2D1.1 sets the applicable offense level.

### 2. Consecutive sentences

Butler argues that § 5G1.2(d) required the court to impose concurrent sentences. We disagree. Under § 5G1.2(d),

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

U.S.S.G. § 5G1.2(d). The court properly determined the base offense level to be 28. This put Butler's advisory guideline range at 110 to 137 months' imprisonment. Because the statutory maximum under § 843 was 48 months' imprisonment for each count, the guideline range became the statutory maximum sentence. But the statutory maximum was significantly less than the calculated advisory guidelines range. Therefore, the imposition of consecutive sentences was consistent with the dictates of § 5G1.2(d) to produce a sentence equal to the total punishment as determined by the guideline calculations. The district court did not err.

### 3. Role reduction

A defendant may receive a two-level reduction in his offense level if he was

a minimal or minor participant in the criminal activity. U.S.S.G. § 3B1.2(b). A defendant is a minimal participant if his is plainly among the least culpable of those involved in the conduct of the group. U.S.S.G. § 3B1.2 comment. (n.4). A defendant is a minor participant if he is less culpable than most other participants, but his role could not be described as minimal. U.S.S.G. § 3B1.2 comment. (n.5). The defendant has the burden of establishing his role in the offense by a preponderance of the evidence. *United States v. De Varon*, 175 F.3d 930, 939 (11th Cir. 1999) (*en banc*).

The determination whether to apply a role reduction "is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, comment. (n.3(c)). "Two principles guide the district court's consideration: (1) the court must compare the defendant's role in the offense with the relevant conduct attributed to him in calculating his base offense level; and (2) the court may compare the defendant's conduct to that of other participants involved in the offense." *United States v. Alvarez-Coria*, 447 F.3d 1340, 1343 (11th Cir. 2006). When the relevant conduct attributed to a defendant is the same as his actual conduct, "he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader scheme for which he was not held accountable." *Id.* Furthermore, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant

8

conduct may not be dispositive of [his] role in the offense, since it is possible that none are minor or minimal participants." *De Varon*, 175 F.3d at 944.

In this case, Butler's relevant conduct matched his actual conduct; he was held responsible for two kilograms of cocaine and not for any larger role in the conspiracy. Butler has not shown that he was entitled to a role reduction.

B. Substantive reasonableness

To be substantively reasonable, the sentence must be "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2). These purposes include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

We will not vacate a sentence as unreasonable unless we are "left with the

9

definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).

### 1. Credit for time served

Butler argues that he was entitled to credit for the 29 months he spent in custody on state charges that formed relevant conduct for his federal sentence.

Section 5G1.3 instructs that a defendant should receive credit for time served for an offense that is relevant conduct. U.S.S.G. § 5G1.3(b). But such credit is due if the relevant conduct was a basis for an increase in the defendant's offense level. *See* U.S.S.G. § 5G1.2, comment. (n.2). Here, Butler was in state custody for possession of lidocaine when he was taken into federal custody for the federal offenses. But this relevant conduct did not increase Butler's offense level in the instant case; his offense level was determined by the amount of cocaine with which Butler was involved. Thus the court properly imposed consecutive sentences. *See* U.S.S.G. § 5G1.3, comment. (n.2(A)).

### 2. Downward departures

Butler argues that he should have received downward departures under U.S.S.G. § 5H1.6 for his family responsibilities, under § 5K2.0 for his role in the

offense, and § 4A1.3(b) because his criminal history category substantially over-represented the likelihood that he will commit other crimes.

We generally do not review the merits of a district court's refusal to grant a downward departure. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). We may review a defendant's claim that the district court mistakenly believed it lacked the authority to grant such a departure. *United States v. Mignott*, 184 F.3d 1288, 1289 (11th Cir. 1999). When nothing in the record indicates otherwise, however, we will assume that the district court understood that it had the authority to depart downward, and we will not review that decision. *United States v. Chase*, 174 F.3d 1193, 1195 (11th Cir. 1999). We will entertain a defendant's challenge to a district court's refusal to grant a downward departure to the extent that it involves a possible misapplication of the guidelines. *United States v. Castellanos*, 904 F.2d 1490, 1497 (11th Cir. 1990).

Here, nothing in the record indicates that the district court mistakenly believed that it lacked the authority to grant a departure, and thus review of the court's refusal to depart downward is precluded.

For the foregoing reasons, we conclude Butler's sentences were procedurally and substantively reasonable.

**AFFIRMED.**

11