[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12107
Non-Argument Calendar

_____

D.C. Docket No. 0:08-cr-60151-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KIRBY BARONVILLE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 21, 2020)

Before JORDAN, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Kirby Baronville ("Defendant") appeals his reduced 188-month sentence for possession of crack cocaine with intent to distribute: a sentence imposed pursuant to the First Step Act of 2018.  No reversible error has been shown; we affirm.

In 2008, Defendant -- pursuant to a written plea agreement -- pleaded guilty to possessing five grams of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).[*]  At sentencing, the district court calculated Defendant's guidelines range as 262 to 327 months' imprisonment.  The district court then concluded that a downward variance was warranted in the light of the 18 U.S.C. § 3553(a) factors.  The district court explained that a sentence of 192 months would "promote respect for the law," "deter future criminal behavior," was "sufficient to protect the public from this defendant," and would provide "sufficient punishment for the crimes."  Defendant filed no direct appeal.

In 2019, Defendant filed a motion for a reduction of his sentence pursuant to section 404 of the First Step Act of 2018, which authorized retroactive application of the Fair Sentencing Act of 2010 under certain circumstances.  Briefly stated, the

---

[*] Defendant also pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), for which the district court imposed a concurrent 120-month sentence.  That sentence is not at issue in this appeal.

Fair Sentencing Act lowered the statutory mandatory minimum penalties for offenses involving crack cocaine.  Applying the Fair Sentencing Act, Defendant said his revised guidelines range was 188 to 235 months' imprisonment.  Defendant also argued that -- because the district court varied downward by 27% from the low-end of the advisory range at his original sentencing -- the district court should apply a proportional reduction upon resentencing.  Defendant thus requested a below-guidelines sentence of 138 months.

In response, the government agreed that Defendant was eligible for a sentence reduction under the First Step Act and that the new guidelines range was 188 to 235 months' imprisonment.  The government, however, opposed a below-guidelines sentence and sought a sentence at the low-end of the revised guidelines range.  The government relied on arguments made during Defendant's original sentencing hearing that a downward variance was inappropriate given the seriousness of Defendant's offense and the need to protect the public.

The district court granted in part Defendant's motion for a sentence reduction and imposed a new sentence of 188 months' imprisonment.  In denying Defendant's request for a downward variance, the district court said it adopted the government's position that "while Defendant is eligible for a reduction, he should receive a sentence within his new guidelines range."  The district court also later

denied Defendant's motion for reconsideration, in which Defendant again sought a 27% downward variance.

On appeal, Defendant contends that the district court failed to address adequately his request for a downward variance. As a result, Defendant says it is unclear whether the district court concluded that it lacked authority to vary downward or whether the district court exercised its discretion in denying a downward variance. Under either scenario, Defendant asserts the district court abused its discretion in failing to apply a downward variance.

As an initial matter, nothing in the record supports Defendant's suggestion that the district court believed that it lacked authority to vary downward upon resentencing. The district court made no express or implied statement that it lacked such authority. Instead, the district court adopted the government's position that a sentence within the guidelines range was appropriate. The government never argued that the district court lacked authority to vary below the guidelines. In his motion, Defendant also stressed that the district court had broad discretion to impose a reduced sentence under the First Step Act and the Fair Sentencing Act. On this record, we conclude that the district court understood that it was authorized to vary below the guidelines range. Cf. United States v. Chase, 174 F.3d 1193,

4

1195 (11th Cir. 1999) ("[W]hen nothing in the record indicates otherwise, we assume the sentencing court understood it had authority to depart downward.").

We also reject Defendant's argument that the district court failed to address adequately his request for a downward variance. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Id. The district court need not state that it "considered the evidence and argument or why [it] rejected the arguments for a variance" -- it is "enough that 'the context and record' indicated the reasoning behind [its] conclusion." United States v. Irey, 612 F.3d 1160, 1195 (11th Cir. 2010) (citing Rita, 551 U.S. at 359).

At the initial sentencing, the district court concluded sua sponte that a downward variance was warranted considering the circumstances of Defendant's case and the section 3553(a) factors. In particular, the district court explained that a sentence of 192 months was sufficient to promote respect for the law, to deter future criminal conduct, to protect the public, and to provide adequate punishment.

5

Upon granting Defendant's motion for a sentence reduction under the First Step Act, the district court decided to impose a within-guidelines sentence, resulting in a total sentence reduction of four months. No "lengthy explanation" was required for this within-guidelines sentence. See Rita, 551 U.S. at 356. Instead, the district court adopted the government's position that a downward variance was not warranted in the light of the seriousness of the offense and the need to protect the public. Considering the context and full record in this case, we are persuaded that the district court reasoned that -- similar to the original sentence of 192 months -- a sentence of 188 months was appropriate in the light of the section 3553(a) factors and that no further downward variance was warranted.

On appeal, Defendant contends -- for the first time -- that the facts of this case support a downward variance (1) because the same mitigating factors about Defendant's offense and his personal history and characteristics that justified a downward variance during his initial sentencing were still present on his motion for a sentence reduction; and (2) based on Defendant's post-sentencing rehabilitation, including his earning a GED.

About Defendant's first argument, that many of the circumstances already considered by the district court at initial sentencing remained the same is no evidence that the district court erred in failing to grant an additional 27%

6

downward variance. To the contrary, that Defendant's mitigating circumstances remained largely the same between his initial sentencing and his motion for a sentence reduction supports the conclusion that a sentence similar to the original sentence (which already took into account the nature of Defendant's offense and Defendant's personal history and characteristics) was appropriate in the light of the section 3553(a) factors. We also do not believe that the district court erred in failing to give greater weight to Defendant's post-sentence rehabilitation. See United States v. Kuhlman, 711 F.3d 1321, 1327 (11th Cir. 2013) ("[T]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors.").

AFFIRMED.