[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 20, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15038
Non-Argument Calendar

_____

D. C. Docket No. 07-00042-CR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER LEON CONEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 20, 2009)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Leon Coney pled guilty pursuant to a plea agreement to being a

felon in possession of firearms and ammunition, in violation of 18 U.S.C.

§ 922(g)(1), and the district court sentenced him to prison for a term of 37 months.

He now appeals his conviction and sentence. We affirm.

I

Coney challenges his conviction on the ground that his guilty plea was not

knowing because, during his plea colloquy, the district court did not tell him that,

to obtain a conviction, the Government had to prove that he: (1) knew that his

firearm was in and affecting interstate commerce; and (2) knew that he had a prior

felony conviction and therefore was not permitted to possess a firearm. Coney

concedes that the district court's recitation of the elements of the charged offense

was correct under our precedent at the time of the plea colloquy, but argues that

this precedent was overturned by the Supreme Court's decision in Flores-Figueroa

v. United States, 129 S.Ct. 1886, 173 L.Ed.2d 853 (2009).

Coney properly concedes that our precedent forecloses his argument. In

United States v. Palma, 511 F.3d 1311, 1315 (11th Cir. 2008), we held that:

> To prove that a defendant committed an offense under 18 U.S.C. §
> 922(g)(1), the government must show that (1) he or she knowingly
> possessed a firearm or ammunition, (2) he or she was previously
> convicted of an offense punishable by a term of imprisonment
> exceeding one year, and (3) the firearm or ammunition was in or
> affecting interstate commerce.

Under this precedent, the only element of § 922(g)(1) that had a "knowing" mens

rea requirement was possessing a firearm or ammunition.  See id.  Coney's

suggestion that Flores-Figueroa effective overrules this precedent misses the mark.

That case did not analyze a conviction under § 922(g)(1); rather, a different statute

was involved.

II.

Coney asks that we set aside his sentence on the ground that the district

court plainly erred by failing to sua sponte grant him a downward departure under

U.S.S.G. §§ 5K2.11 and 5K2.16.  In a footnote in his brief, he asserts that we have

jurisdiction to review this argument because he is not arguing that the district court

erred by refusing to impose a downward departure, but rather, that its failure to

impose a downward departure constituted a miscalculation of his guideline

sentence range, which renders his sentence procedurally unreasonable.  He also

argues that his sentence was substantively unreasonable because his prior

conviction for possession of a sawed-off shotgun, which in part gave rise to his

current conviction, was a minor offense.

As an initial matter, we note that we are required to examine our jurisdiction

sua sponte.  United States v. Lopez, 562 F.3d 1309, 1311 (11th Cir. 2009).  We

normally lack jurisdiction to review the district court's refusal  to impose a

downward departure.  United States v. Chase, 174 F.3d 1193, 1195 (11th

3

Cir. 1999). The only exception to this rule is when "the sentencing court erroneously believes it lacks discretionary authority to depart downward." Id. However, in Chase, we held that "when nothing in the record indicates otherwise, we assume the sentencing court understood it had authority to depart downward." Id. Because in Chase there was no indication in the record that the district court thought that it lacked authority to depart downward, we concluded that we lacked jurisdiction over the appellant's downward departure argument. Id.

In this case there is no indication in the record that the district court believed that it lacked authority to impose a downward departure. We therefore lack jurisdiction to review Coney's downward departure argument.

Turning to Coney's substantive reasonableness argument, in United States v. Booker, 543 U.S. 220, 261, 125 S.Ct. 738, 765-66, 160 L.Ed.2d 621 (2005), the Supreme Court held that sentences are to be reviewed for "unreasonable[ness]." The Supreme Court subsequently clarified that this review must be conducted using the "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. ___,128 S.Ct. 586, 591, 169 L.Ed.2d. 445 (2007). The abuse of discretion standard is a "highly deferential" standard. See United States v. Allen-Brown, 243 F.3d 1293, 1298 (11th Cir. 2001).

A sentence is substantively unreasonable "if it does not achieve the purposes

4

of sentencing stated in [18 U.S.C.] § 3553(a)." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). Section 3553(a) provides that district courts must consider, inter alia, (1) the applicable guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) protection of the public from further crimes of the defendant; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir.) (quotations and alterations omitted), cert. denied, 128 S. Ct. 671 (2007).

Coney's sentence was supported by at least two of the 18 U.S.C. § 3553(a) factors (seriousness of the offense and deterrence) because he possessed numerous firearms and ammunition after having a number of prior convictions. Therefore, because, in addition to these two factors, Coney was sentenced at the bottom of his guideline sentence range, his sentence was substantively reasonable.

III.

5

For the foregoing reasons, Coney's conviction and sentence are

AFFIRMED.