[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14066
Non-Argument Calendar
_____

D.C. Docket No. 4:03-cr-00218-WTM-GRS-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMAAL SINGLETON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 26, 2014)

Before HULL, MARCUS, and HILL, Circuit Judges.

PER CURIAM:

Jamaal Singleton appeals his 60-month sentence, imposed after the district court revoked his supervised release for two violations of the mandatory conditions of his supervised release.   On appeal, Singleton argues that his sentence is procedurally unreasonable because the district court erred in believing that it was not vested with the authority to determine whether his criminal history category of VI overrepresented his criminal history.  He also contends that based on changes in the law since his original sentencing date, the district court should consider whether his criminal history category overrepresents his criminal history, and conclude that the criminal history category of VI was not appropriate.  After review, we affirm.

We generally review a sentence imposed upon revocation of supervised release for reasonableness.  *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006).  When reviewing for reasonableness, we apply the abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007).  We do not review the merits of the district court's refusal to grant a downward departure, but review *de novo* an argument that the district court erroneously believed it was without authority to depart.  *United States v. Mignott*, 184 F.3d 1288, 1290 (11th Cir. 1999).  However, when the record does not indicate otherwise, we presume that the district court understood it had such authority.  *United States v. Chase*, 174 F.3d 1193, 1195 (11th Cir. 1999).

2

Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke a term of supervised release, after considering factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7), and impose a sentence of imprisonment for the violation. 18 U.S.C. § 3583(e)(3). Specifically, sentencing courts must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for deterrence; (3) the need to protect the public; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the kinds of sentences available and the applicable sentencing range; (6) any pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwarranted sentencing disparities; and (8) the need to provide restitution to any victims. *See id.*; 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

In evaluating the reasonableness of a sentence, we first determine whether the sentence is procedurally reasonable. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. A sentence may be procedurally unreasonable if the sentencing court fails to consider the factors set forth in § 3553(a), fails to properly calculate the appropriate guidelines range, treats the Sentencing Guidelines as mandatory, or fails to adequately explain the chosen sentence. *Id.* However, given the advisory nature of the Guidelines, it is sufficient if there is some indication that "the district court

was aware of and considered the Guidelines." *United States v. Campbell*, 473 F.3d 1345, 1349 (11th Cir. 2007) (quotation omitted). Consequently, the district court need not discuss or explicitly state on the record each § 3553(a) factor. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

At sentencing, "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." U.S.S.G. § 4A1.3(b)(1). For purposes of revocation of supervised release, the policy statements in Chapter 7 of the Sentencing Guidelines provide that, in setting the term of imprisonment following revocation of supervised release, the criminal history category to be used in determining the applicable guideline range is the category determined at the time the defendant was originally sentenced to the term of supervision. *Id.* § 7B1.4, comment. (n.1). The criminal history category is not to be recalculated. *Id.* Moreover, a departure may be warranted if the court departed from the applicable guideline range pursuant to § 4A1.3 in imposing the underlying sentence. *Id.* § 7B1.4, comment. (n.2). We have held that while the district court must consider the Chapter 7 policy statements, they are only advisory. *United States v. Silva*, 443 F.3d 795, 799 (11th Cir. 2006).

4

We have also held that a defendant may not challenge the validity of his underlying sentence during revocation proceedings. *United States v. Almand*, 992 F.2d 316, 317 (11th Cir. 1993). In *Almand*, the defendant argued that he could not be sentenced following revocation of supervised release because his sentence of supervised release for his original crime was invalid, as he was not present at the time it was imposed. *Id.* We held that arguments against the underlying sentence's validity may be raised by collateral attack only through a separate proceeding. *Id.* Therefore, unless the underlying sentence has been vacated, the district court should presume it is valid during the revocation proceeding. *Id.*

Singleton's 60-month sentence was procedurally reasonable. To the extent Singleton argues that the district court erred in refusing to grant him a downward departure based on his criminal history category, we lack jurisdiction to review that argument. *See Mignott*, 184 F.3d at 1290. To the extent Singleton argues that the district court mistakenly believed it did not have the authority to depart, we may review that argument. *See id.* The district court, however, correctly applied the Guidelines in concluding that for purposes of the revocation of Singleton's supervised release, the criminal history category to be used in determining the applicable guideline range was the criminal history category used during the original sentencing hearing. *See* U.S.S.G. § 7B1.4 comment. (n.1); *cf. Almand*, 992 F.2d at 317. The policy statements also provide that the criminal history

5

category should not be recalculated.  U.S.S.G. § 7B1.4, comment. (n.1).

Moreover, although the Guidelines provide that a departure may be warranted if

the sentencing court departed under § 4A1.3 at the original sentencing hearing, no

such departure occurred here.  *See id.* § 7B1.4, comment. (n.2).  Thus, the district

court calculated the appropriate guideline range.  *See Gall*, 552 U.S. at 51, 128

S.Ct. at 597.

Furthermore, there is no indication that the district court treated the

Guidelines as mandatory or that it did not understand that it could vary from the

advisory guideline range.  *See id.*  While the district court did not specifically cite

to the § 3553(a) factors, it stated that it was imposing the 60-month sentence

because Singleton: (1) violated supervised release after only 13 months;

(2) showed that he could not abide by the law; and (3) was a danger to the

community.  Thus, the record shows that the district court considered the § 3553(a)

factors.  *See Campbell*, 473 F.3d at 1349; *Scott*, 426 F.3d at 1329.  Because

Singleton cannot show that the district court procedurally erred, we affirm.

**AFFIRMED.**