[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17569
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cr-00019-WCO-JCF-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GALDINA PEREZ-PINEDA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 29, 2017)

Before JULIE CARNES, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Galdina Perez-Pineda appeals her 12-month sentence, imposed after pleading guilty to one count of illegal reentry by a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(1).  Perez-Pineda entered the United States for the first time in 2001, was granted 14 voluntary returns, and was deported in 2012 following a felony conviction.  She reentered the U.S. illegally in 2015 and was arrested by law enforcement in 2016.  Perez-Pineda was transferred to the custody of Immigration and Customs Enforcement ("ICE") for more than two months before being transferred to the custody of the U.S. Marshals for proceedings related to the instant offense.  On appeal, Perez-Pineda argues that her sentence is substantively unreasonable, where the court declined to apply a downward departure to credit her time served in ICE custody and failed to consider that the 12-month sentence would make her ineligible for early release for good behavior.

We review the substantive reasonableness of a sentence for abuse of discretion, considering the totality of the circumstances.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

We generally do not review the merits of a district court's refusal to grant a downward departure, but we may review *de novo* a defendant's claim that the district court mistakenly believed it lacked the authority to grant such a departure.

*United States v. Mignott*, 184 F.3d 1288, 1289 (11th Cir. 1999).  When nothing in the record indicates otherwise, we will assume that the district court understood it had the authority to depart downward, precluding jurisdiction to review those claims.  *United States v. Chase*, 174 F.3d 1193, 1195 (11th Cir. 1999).

A district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).  In imposing its sentence, the district court must also consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the applicable guideline range.  *Id.* § 3553(a)(1), (3)-(4).

The weight accorded to any given § 3553(a) factor is a matter committed to the sound discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  However, a district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).  Furthermore, a district court's unjustified

reliance on any one § 3553(a) factor to the detriment of all the others may be a symptom of an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).

Although we do not automatically presume a sentence within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence well below the statutory maximum penalty is another indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). Under the Guidelines, a district court may grant a downward departure to a defendant convicted of unlawfully entering the U.S. on the basis of time served in state custody. U.S.S.G. § 2L1.2, comment. (n.6).

As an initial matter, we do not have jurisdiction to review the merits of the district court's refusal to grant the downward departure for time served in ICE custody because the record reflects that the court understood its authority to grant the departure. *See Mignott,* 184 F.3d at 1289; *Chase*, 174 F.3d at 1195.

Perez-Pineda has not shown that her sentence is substantively unreasonable because the court considered the § 3553(a) factors, such as her history of repeated voluntary departures, the need to impose a sentence that acts as a deterrent and promotes respect for the law, the kinds of sentences available, and the sentencing range. *See* 18 U.S.C. § 3553(a)(1)-(4). Further, Perez-Pineda's 12-month sentence

4

was within the guideline range and well below the statutory maximum penalty of 120 months' imprisonment, two indicators of a reasonable sentence.  *See* 8 U.S.C. § 1326(b)(1); *Hunt*, 526 F.3d at 746; *Gonzalez,* 550 F.3d at 1324.  Finally, Perez-Pineda does not cite to any authority to support her contention that the court's failure to consider whether she would be eligible for a good-behavior reduction made her sentence unreasonable.  Because she has not established that the court improperly weighed the sentencing factors, committed a clear error of judgment, or unjustly relied on one factor to the detriment of all the others, she has not shown that the court abused its discretion.  *See Irey*, 612 F.3d at 1189; *Crisp*, 454 F.3d at 1292.  Accordingly, we affirm.

**AFFIRMED.**