[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-13890

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHNATHAN LEE BROWN,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:21-cr-00007-MLB-WEJ-1

————————————————

Before JILL PRYOR, BRANCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Johnathan Lee Brown appeals the district court's imposition of his 33-month imprisonment sentence, which is at the low end of the guideline range, for failure to register as a sex offender. Brown argues that the district court abused its discretion by denying his motion for a downward departure because his criminal history category overrepresented the seriousness of his offenses. He also argues that his sentence was substantively unreasonable because the district court did not adequately weigh the 18 U.S.C. § 3553(a) factors that were entitled to greater consideration, particularly his personal history and characteristics. Having read the parties' briefs and reviewed the record, we affirm Brown's sentence.

I.

The sentencing court may depart downward from a defendant's guideline range "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b)(1). We lack jurisdiction to review a district court's discretionary refusal to grant a defendant a downward departure under § 4A1.3(b)(1). *United States v. Rodriguez*, 34 F.4th 961, 975 (11th Cir. 2022). A limited exception exists when a district court believes it lacks authority to grant a downward departure. *United*

*States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006). However, that exception is a narrow one, and we maintain a presumption that the district court's silence on its power to grant such an application is construed as a proper understanding of its discretion. *United States v. Chase*, 174 F.3d 1193, 1195 (11th Cir. 1999).

A review of the record demonstrates that we lack authority to review the district court's discretionary decision to deny Brown a downward departure under § 4A1.3 because the record is devoid of evidence rebutting the presumption that the district court believed that it lacked the authority to depart. "[W]hen nothing in the record indicates otherwise, we assume the sentencing court understood it had authority to depart downward." *Id*. Accordingly, we will not review this issue.

## II.

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). The party challenging a sentence bears the burden of proving that the sentence is unreasonable when examining the record in totality, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). We will sometimes "affirm

the district court even though we would have gone the other way had it been our call." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted). However, a district court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Id.*

The failure to discuss mitigating evidence does not indicate that the court erroneously ignored or failed to consider this evidence. *See United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). The district court's failure to specifically mention at sentencing certain mitigating factors does not "compel the conclusion that the sentence crafted in accordance with the § 3553(a) factors was substantively unreasonable." *United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010).

The record demonstrates that the district court did not abuse its discretion by imposing the 33-month sentence. In reaching its sentencing decision, the district court emphasized the need for the sentence imposed to promote respect for the law, to afford adequate deterrence, and to protect the public. The district court reasoned that the 33-month sentence was necessary partly because a prior 22-month sentence for the same conduct of failure to register as a sex offender did not deter Brown. The district court also noted that Brown's repetitive and consistent failure to register indicated a lack of respect for the law. Further, the district court

stated that the failure to register endangers the community, which is a strong factor that Congress considered in enacting the law.

Contrary to Brown's assertion, the district court considered all the relevant factors under section 3553(a), and it considered Brown's mitigation evidence. Moreover, the district court's sentence was at the low end of the guideline range of 33-41 months, and we ordinarily consider sentences within the guideline range and below the statutory maximum, here ten years, to be an indication of a reasonable sentence. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Brown cannot meet his burden of showing that the 33-month sentence is unreasonable considering the entire record. Accordingly, based on the aforementioned reasons, we affirm the district court's imposition of Brown's 33-month sentence.

**AFFIRMED.**